UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AUTISM INTERVENTION SPECIALISTS, LLC and NASSIM AOUDE, <br> Plaintiffs, <br> v. <br> JOHN BEST <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) Docket No. |

## COMPLAINT AND JURY DEMAND

Plaintiffs Autism Intervention Specialists, LLC ("AIS") and Nassim Aoude ("Mr. Aoude")(collectively, "Plaintiffs") bring the present action seeking damages and injunctive relief arising out of Defendant John Best's ("Mr. Best") intentional and malicious defamation of the Plaintiffs, which has, and which will – absent this Court's intervention – continue to, damage the Plaintiffs' reputation and business interests.

## PARTIES

1. Plaintiff Autism Intervention Specialists is a Massachusetts Limited Liability Company, with a principal place of business in Worcester, Massachusetts.

2. Plaintiff Nassim Aoude is an individual who resides in Shrewsbury, Massachusetts.

3. Defendant John Best is an individual who, on information and belief, resides in Londonderry, New Hampshire.

## JURISDICTION

4. Jurisdiction in this Court is proper under 28 U.S.C. §1332 as there is complete diversity between the parties and the amount in controversy, including the value of the injunctive relief sought, exceeds $75,000. Jurisdiction and venue are also proper under the

Commonwealth's long arm statute, G.L. c. 223A.

## FACTS

5. AIS provides services to children with autism and autism spectrum disorders (ASD), including an assortment of behavioral services for both children with autism and their families. Such services include individualized assessments of the client's needs in the home, school, and community.

6. AIS's services are all grounded in Applied Behavior Analysis ("ABA") which is the most widely recognized and medically accepted form of treatment for individuals with ASD.

7. Indeed, the American Academy of Pediatrics recently endorsed the use of ABA treatments for children with ASD. Similarly, the use of ABA has been endorsed by the National Institutes of Health and the New York State Department of Health, and has been identified by the Surgeon General of the United States as the most effective way to treat ASD.

8. According to the National Autism Center's National Standards Report (2009), data collected through hundreds of studies indicate that ABA is a highly effective method to teach children and adolescents with ASD.

9. Starting in 2011, Massachusetts became the twenty forth state to mandate that most insurers cover treatment for ASD. As of today, 32 states require health insurers to cover treatments for ASD and the federal Office of Personnel and Management ("OPM") similarly requires such coverage for federal employees. After a full review of the medical literature, the OPM reclassified ABA from an educational service to an approved medical therapy.

10. The Massachusetts Division of Insurance has identified ABA as one of the only non-pharmaceutical treatments for ABA covered under the "Act Relative to Insurance Coverage for Autism," or ARICA. On the pharmaceutical side, the only approved medication for treating

ASD is Risperdal.

11. AIS's staff is comprised of individuals who are highly trained in ABA and ASD, with many of them holding advanced degrees in those fields.

12. Defendant John Best is a self-proclaimed investment advisor who, on information and belief, has no medical, psychological, or other formal training or education in either ABA or ASD.

13. Mr. Best is an adherent of the widely-discredited theory that autism is caused by mercury in vaccines given to children. More than 20 reputable scientific studies, including those by the Centers for Disease Control and the Institute of Medicine have all concluded that there is no link between vaccines and autism.

14. Additionally, according to Mr. Best's writings, he advocates that parents subject their children who have ASD to "chelation," a process which Mr. Best alleges will remove mercury from the body and cure autism.

15. There is no recognized scientific or medical basis for Mr. Best's claims and no peer-reviewed scientific journal has ever suggested that chelation therapy is an effective treatment for ASD. Indeed, the Food and Drug Administration has deemed chelation for the treatment of autism "dangerous" and "illegal." And, the National Institutes for Health halted a controversial study on the use of chelation for the treatment of autism before a single patient was treated because of concerns over safety and efficacy. Known side effects of chelation treatment include kidney damage and death. Indeed, there has been at least one widely-publicized case of a child with autism who suffered a fatal heart attack while undergoing chelation therapy.

16. The National Council Against Helath Fraud has gone further, stating that it believes "Chelation Therapy is unethical and should be banned and that Chelation Therapy of

autistic children should be considered child abuse."

17. On or about September 17, 2011, Mr. Best posted an article at his blog, "AutismFraud," entitled "Autism Intervention Specialists, Pure Bullshit." *See* **Exhibit 1.** This blog entry continues to be accessible on the internet as of the date of the filing of this complaint.

18. In that article, Mr. Best states, among other things, that AIS provides "bogus services," that AIS is "just a bunch of thieves who are preying on parents of autistic children," and that AIS has "no clue how to actually help any autistic kids."

19. Mr. Best also calls AIS "liars," "profiteering liars," "con artists," "scumbag profiteers," and "psychopaths," and states that AIS's advertising is "dishonest" and claims that AIS "foists" ABA on "unaware parents so they can pick their pockets and profit."

20. In late September of 2011, after Mr. Best published his blog, a family meeting with AIS seeking services raised concerns with AIS about the allegations made in Mr. Best's writings. This was the first that AIS knew of Mr. Best's defamatory postings.

21. The family that raised concerns over Mr. Best's allegations did not, ultimately, become clients of AIS. On information and belief, the family's decision was made in whole or in part because of Mr. Best's defamatory statements.

22. At least one other family meeting with AIS has also raised concerns arising directly out of what they had read at Mr. Best's blog. That family, too, decided not to use AIS's services. On information and belief, the family's decision was made in whole or in part because of Mr. Best's defamatory statements.

23. In October of 2011, when Mr. Best's blog posting first came to the attention of AIS and its founder, Mr. Aoude, Mr. Aoude posted a comment at Mr. Best's blog site, noting, among other things, that ABA and Risperdal were two of the only approved treatments for

individuals with ASD.

24. In response, Mr. Best wrote (in part):

The comment above comes from Nassim Aoude, the simpleton who owns this ABA company. It looks like Nassim isn't aware that Risperdal grows breasts on boys. Or, maybe he likes turning autistic boys into transgender mutants to satisfy his own perverse urges. Who knows?

...Since ABA can help some high functioning kids with Asperger's misdiagnosed as autism, assholes like Nassim can easily misrepresent the truth to make himself wealthy while children suffer.

25. On June 12, 2012, Mr. Best authored another blog post entitled "Autism Intervention Specialists, Uneducated Jackasses." *See* **Exhibit 2.** That posting remains active as of the date of the filing of this Complaint. In that post, Mr. Best wrote, among other things that:

...Nassim [Aoude] is making himself rich by providing useless therapy to autistic children. He is allowed to do this because our corrupt government and the corrupt medical industry do not want anyone to understand the truth about how autism is caused. So, they and corrupt autism groups like Autism Speaks have passed laws to provide ABA through insurance payments as a means of treating autism without admitting guilt about how they cause the problem.

...I can't know if Nassim Aoude is simply stupid or if he's dishonest by the garbage he quotes on his website about the role that vaccines play in autism. Nassim takes his "facts" from government sources. As we know, our government never tells the truth about anything so we can suspect that anyone who quotes them is a rank imbecile and probably believes they are being honest. The cash that Nassim is raking in must help in keeping him blind to the truth.

26. Mr. Best also posted a link to the June 12, 2012 blog post on his Facebook page to increase the traffic to the post.

27. Indeed, Mr. Best appears to have been so successful in promoting his defamatory comments that – when a person types the words "Autism Intervention Specialists" (without quotation marks) into Google, the second search result returned is Mr. Best's blog entry "Autism Fraud: Autism Intervention Specialists, Pure Bullshit." The third Google search result is Mr. Best's blog entry "Autism Fraud: Autism Intervention Specialists, Uneducated Jackasses."

5

28.     The average family that utilizes AIS's services uses approximately 20 hours of service per week throughout the year.  The average client family will expend approximately $70,000 per year on such services and will remain clients of AIS for many consecutive years.

29.     On information and belief, an untold number of potential clients have been deterred from utilizing AIS's services because of Mr. Best's false and defamatory blog postings.

## COUNT I
## (DEFAMATION)

30.     Plaintiffs restate and incorporate by reference all of the allegations in the above paragraphs as if set forth fully herein.

31.      Mr. Best, through the publication of his blog – and the promotion of that blog on Facebook – has made defamatory statements about the Plaintiffs to third parties.

32.     The statements made by Mr. Best were untrue.

33.     The statements made by Mr. Best were made with knowledge of their falsity or with reckless disregard for their truth or falsity.

34.     The statements of Mr. Best were of the type which could (and have) damaged the Plaintiffs' reputation in the community at large.

35.     The statements of Mr. Best were of the type which could (and have) damaged the Plaintiffs' professional reputations.

36.     Mr. Best's statements were of the type which could (and have) impugned the honesty of the Plaintiffs.

37.     Mr. Best's statements falsely accuse the Plaintiffs of committing and/or conspiring to commit criminal acts.

38.     Mr. Best was, at a minimum, negligent in making the defamatory statements.

39.     The Plaintiffs have suffered damages as the result of the actions of Mr. Best.

40. The Plaintiffs have suffered irreparable injury and, absent immediate injunctive relief, will continue to suffer additional irreparable harm as a result of Mr. Best's misrepresentations and false statements.

## COUNT II
## (TORTIOUS INTERFERENCE WITH ADVANTAGEOUS AND PROSPECTIVE BUSINESS RELATIONS)

41. Plaintiffs restate and incorporate by reference all of the allegations in the above paragraphs as if set forth fully herein.

42. Plaintiffs have advantageous business relationships with third parties including clients, prospective clients, employees, and prospective employees.

43. Plaintiffs have a reasonable expectation that, absent improper interference, they would develop additional advantageous business relationships.

44. Mr. Best has intentionally interfered with the Plaintiffs' actual and prospective advantageous business relationships.

45. The interference by Mr. Best was improper in motive or means, namely, through the use of untrue and defamatory statements.

46. The Plaintiffs have been harmed and will continue to be harmed as a result of Mr. Best's improper actions.

**WHEREFORE**, the Plaintiffs pray for the following relief:

1. That the Court enter judgment in favor of the Plaintiffs on all Counts of the Complaint;

2. That the Court enter final judgment against Mr. Best and award damages to the Plaintiffs on all of the Counts set forth in the Complaint in an amount to be determined at trial;

3. That the Court issue a preliminary, and after judgment a permanent, injunction requiring Mr. Best to (a) remove the defamatory postings from his blog; (b) take all appropriate steps to have his blog removed as a search result from

       Google; (c) post in as prominent a manner as the original defamatory post a correction; and (d) refrain from posting additional defamatory materials about the Plaintiffs; and

4. That the Court award the Plaintiffs such other and further relief as it deems just and proper.

**A Trial By Jury Is Requested On All Counts So Triable.**

       Respectfully submitted,

       AUTISM INTERVENTION SPECIALISTS and NASSIM AOUDE,

       By their attorney,

       /s/ Evan Fray-Witzer
       Evan Fray-Witzer (BBO # 564349)
       Ciampa Fray-Witzer, LLP
       20 Park Plaza, Suite 804
       Boston, MA 02116
       (617) 723-5630
       Evan@CFWLegal.com

Dated: September 5, 2012